IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

YERO BANDELE, et al.,

   Plaintiffs,

     v.

DEUTSCHE BANK NATIONAL
TRUST COMPANY, et al.,

   Defendants.

CIVIL ACTION FILE
NO. 1:11-CV-4257-TWT

## ORDER

This is a wrongful foreclosure action. It is before the Court on the Defendants Deutsche Bank National Trust Company ("Deutsche Bank") and American Home Mortgage Servicing, Inc.'s ("AHMSI") Motion to Dismiss [Doc. 2], and the Defendants McCurdy & Candler, LLC ("McCurdy") and Anthony DeMarlo's Motion for Judgment on the Pleadings [Doc. 6]. For the reasons set forth below, the Court GRANTS the Motion to Dismiss [Doc. 2] and GRANTS the Motion for Judgment on the Pleadings [Doc. 6]. Deutsche Bank and AHMSI's Motion for Clarification [Doc. 13] is DENIED as moot.

I. Background

The Plaintiffs in this action are Yero Bandele and Olivia Wintz. On November 28, 2006, Plaintiff Olivia Wintz took out a loan in the original principal amount of $477,000.00 from AHM Mortgage (the "Loan"). In connection with the Loan, Ms. Wintz executed the Note and the Security Deed conveying the property located at 125 Brown Thrasher Run, Oxford, Georgia (the "Property"). (Defs.' Br. in Supp. of Defs.' Mot. to Dismiss, Ex. A.) The Security Deed was filed and recorded with the Clerk of Newton County Superior Court in Book 2354, pages 288-309, on January 3, 2007.

On October 13, 2008, an Assignment of Security Deed was recorded in the Real Estate Records of Newton County in Deed Book 2654, Pages 83-84 (the "AHMSI Assignment"), giving notice of the assignment of the Security Deed to AHMSI. On May 2, 2011, an Assignment was recorded in Deed Book 2904, Pages 226-227, Real Estate Records of Newton County (the "Trustee Assignment") assigning the Security Deed to Deutsche Bank, as Trustee for American Home Mortgage Asset Trust 2007-1, Mortgage-Backed Pass-Through Certificates Series 2007-1 and AHMSI. AHMSI is also the servicer of the Loan. Ms. Wintz defaulted under the terms of the Loan, and foreclosure proceedings were instituted by AHMSI as servicer on behalf of the Trustee. McCurdy was retained as counsel for AHMSI and the Trustee to conduct the

foreclosure proceedings. The Defendant DeMarlo is the managing partner of McCurdy.

On October 4, 2011, the Trustee held a non-judicial foreclosure sale of the Property. On October 3, 2011, the Plaintiffs initiated this action in the Superior Court of Newton County, and filed the Complaint to amend their original petition on November 4, 2011. The action was removed to this Court on December 8, 2011 [Doc. 1]. On December 15, 2011, Deutsche Bank and AHMSI filed this Motion to Dismiss [Doc. 2]. On January 5, 2012, McCurdy and DeMarlo filed this Motion for Judgment on the Pleadings [Doc. 6]. Pro se Plaintiffs Bandele and Wintz failed to timely respond to the Motion to Dismiss, and moved for an Extension of Time after the deadline for filing its Response on January 19, 2012 [Doc. 11]. Nonetheless, the Court granted the Plaintiffs' motion on January 27, 2012 [Doc. 12], giving the Plaintiffs fourteen additional days from the date of the Order to file its Response. Those fourteen days have since elapsed and the Plaintiffs have not responded to either the Motion to Dismiss or the Motion for Judgment on the Pleadings.

II. <u>Motion to Dismiss Standard</u>

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to

dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely." Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007). In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983); see also Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination"). Generally, notice pleading is all that is required for a valid complaint. See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Twombly, 127 S.Ct. at 1964).

### III. Discussion

#### A. Deutsche Bank and AHMSI

No response to the Motion to Dismiss has been filed and it may be treated as unopposed. In addition, the Complaint fails to state a claim for relief. The claim for injunctive relief against the foreclosure sale is moot as the foreclosure has already

taken place. (Compl. ¶ 39); Wiggins v. Board of Com'rs of Tift County, 258 Ga. App. 666, 668 (2002). The claim for wrongful foreclosure is also dismissed. The Defendants had the right to foreclose on the Property because the Security Deed is assignable. (Defs.' Br. in Supp. of Defs.' Mot. to Dismiss, Ex. A.) See Trent v. Mortgage Electronic Registration Systems, Inc., 288 Fed. Appx. 571, 572 (11th Cir. 2008); LaCosta v. McCalla Raymer, LLC, 2011 WL 166902, at *3 (N.D. Ga. Jan. 18, 2011) ("Plaintiff unequivocally granted MERS the power to sell the Property if she were not able to comply with the terms of the Note."). Security deeds and other mortgage loans are transferrable by way of assignment in Georgia. O.C.G.A. § 44-14-64. Furthermore, the Plaintiffs do not have standing to challenge the Assignment because they were not a party to the Assignment. See, e.g., Haldi v. Piedmont Nephrology Assocs., 283 Ga. App. 321, 322 (2007). Moreover, the Defendants are not required to "produce the note" in order to establish standing to foreclose. Cooke v. BAC Home Loans Servicing, LP, No. 1:11-CV-2126-TWT, 2011 WL 4975386, at *2 (N.D. Ga. Oct. 18, 2011). The Plaintiffs' claim of fraud is not made with sufficiently particularity. See Fed R. Civ. P. 9(b). All other counts fail to state a plausible claim for relief.

B.  McCurdy and DeMarlo

No response to the Motion for Judgment on the Pleadings has been filed and it may be treated as unopposed. Also, and in addition to the reasons that Deutsche Bank and AHMSI are dismissed as defendants, the Plaintiffs failed to properly serve McCurdy and DeMarlo.

IV. Conclusion

For the reasons set forth above, the Court GRANTS the Motion to Dismiss [Doc. 2] and GRANTS the Motion for Judgment on the Pleadings [Doc. 6]. Deutsche Bank and AHMSI's Motion for Clarification [Doc. 13] is DENIED as moot.

SO ORDERED, this 21 day of March, 2012.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge